IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


PHILLIP L. McCARTY                                                    PLAINTIFF

AND

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.
AND ARCH INSURANCE COMPANY                              INTERVENORS

VERSUS                          CIVIL ACTION NO.        1:16-CV-00364-LG-
RHW

SWIFT TRANSPORTATION COMPANY;
JOHN AND JANE DOES A; B; C; D; and E                     DEFENDANTS


FINAL JUDGMENT APPROVING THIRD PARTY SETTLEMENT
AND WORKERS' COMPENSATION SETTLEMENT
PURSUANT TO SECTION 71-3-71 AND SECTION 71-3-29

THIS CAUSE came on this day to be heard before the undersigned District Court Judge

for hearing on a Motion for Approval of Third Party Settlement and Workers' Compensation

Settlement Pursuant to Section 71-3-71 and Section 71-3-29 of Mississippi Code of 1972, as

amended, and the parties appearing herein, and the Court having heard and considered the

Motion and having determined that it has full jurisdiction of all of the necessary parties and of

the subject matter, is of the opinion that the desired relief should be granted and the Court finds

as follows:

I.

That on or about March 16, 2015, Phillip L. McCarty was employed by Dollar Tree Stores,

Inc. as a Store Manager at an average weekly wage of $750.00.   On said date, while acting in the

course and scope of his employment, Phillip L. McCarty was assisting with the unloading of

1

merchandise which was delivered by Swift Transportation Company when he fell off the loading dock after one of the drivers for Swift Transportation Company moved the tractor trailer, and Phillip L. McCarty claims to have injured his left knee.

II.

Following the accident, Phillip L. McCarty received medical treatment from Dr. Joel Tucker and underwent an arthroscopy of the left knee with partial medial meniscectomy on June 19, 2015 and a left total knee arthroplasty on August 29, 2016. On January 3, 2017, he was placed at maximum medical improvement and assigned a 25% left lower extremity impairment rating by Dr. Tucker, as evidenced by the report of Dr. Tucker attached as Exhibit "A" to the Motion for Approval of Third Party Settlement and Workers' Compensation Settlement.

III.

That at the time of the aforementioned accident, Phillip L. McCarty's employer, Dollar Tree Stores, Inc., was insured through Arch Insurance Company, and pursuant to the Mississippi Workers' Compensation Act, the Intervenors, Arch Insurance Company through its TPA, Sedgwick Claims Management Services, Inc., has paid compensation and medical benefits to Phillip L. McCarty in the amount of $74,832.87 for the injuries incurred by Phillip L. McCarty on March 16, 2015. Dollar Tree Stores, Inc., Employer, Arch Insurance Company, Carrier and Sedgwick Claims Management Services, Inc., TPA, accordingly are subrogated to Phillip L. McCarty's rights to recover from third parties to the extent of $74,832.87 and future workers' compensation benefits. Nevertheless, in conjunction with the settlement proposed herein, Intervenors, Sedgwick Claims Management Services, Inc. and Arch Insurance Company, have agreed to waive their statutory subrogation lien in consideration for a full and final settlement and general release by Phillip L. McCarty of all claims, including all claims for past and future

indemnity and medical payments pursuant to Section 9(i) of the Mississippi Workers' Compensation Act relating to the accident of March 16, 2015, and for other valuable consideration. The Defendant, Swift Transportation Company, has agreed to pay Plaintiff, Phillip L. McCarty, a confidential settlement in full and final settlement of this matter, and the Employer and Carrier/TPA and Intervenors, Dollar Tree Stores, Inc., Arch Insurance Company, and Sedgwick Claims Management Services, Inc., further agree to a full and final settlement of any and all subrogation claims they may have against the Defendant and its insurance carrier. Said confidential third-party settlement will be submitted in camera to the Court at the hearing on this Motion, or as directed by the Court.

IV.

Plaintiff, Phillip L. McCarty, has been advised of the precise terms of the settlement and has agreed thereto and understands and appreciates that the proposed settlement would finally terminate all of his claims against the Defendant, Swift Transportation Company, as well as any and all claims for compensation or medical benefits against the Employer, Carrier and TPA, Dollar Tree Stores, Inc., Arch Insurance Company and Sedgwick Claims Management Services, Inc., and has also agreed to execute all appropriate documents, including a general release, stating he and his attorney have agreed to satisfy any and all liens arising out of the afore-described accident, including but not limited to, Medicaid and/or Medicare benefits, health/medical insurance benefits and or attorney fee liens and expenses, so that the Defendant, and Employer, Carrier and TPA will be absolved of any further liability respecting the Mississippi Workers' Compensation Law, Mississippi Law, or any other law. Additionally, the Employer, Carrier and TPA, Dollar Tree Stores, Inc., Arch Insurance Company and Sedgwick Claims Management Services, Inc., have agreed to fully and finally settle any and all statutory

3

subrogation liens and rights against Defendant, Swift Transportation Company.

V.

All parties in this action have considered the application of 42 U.S.C. Section 1395 (y), the Medicare Secondary Payor statute, and are of the opinion that this settlement is not one that is required to be submitted to the Center for Medicare and Medicaid Services (CMS) for approval before consideration of same by this Court.   In support of that position, the Plaintiff has stated that he is not drawing Social Security benefits and is neither a current Medicaid or Medicare recipient nor does Plaintiff have a reasonable expectation of being a Medicare recipient within the next 30 months.   The Employer, Carrier, TPA and Defendant have relied on Plaintiff's sworn assertions hereinabove in agreeing to settle this claim.

VI.

Jurisdiction to consider approval of this settlement is exclusively vested in this Court by reason of §71-3-71 and § 71-3-29 of the Mississippi Code of 1972, as amended.

VII.

Plaintiff has employed the law firm of Corban Gunn, PLLC as his personal attorneys and representatives and has counseled with said attorneys as to all matters pertinent to this claim. Plaintiff and his attorneys agree that this settlement as proposed would be, all things considered, in the best interest of the Plaintiff.   Plaintiff's attorneys have rendered the usual services and are entitled to a reasonable fee and reimbursement of costs. Plaintiff and his attorneys affirmatively state that said attorneys are the only and exclusive attorneys for Plaintiff in this matter, and they are aware of no other claims for attorney's fees arising out of this claim or these proceedings; however, should the parties be mistaken in that regard, Plaintiff and/or his attorneys shall be solely liable for any such attorney's fee claims, and they hereby agree to indemnify and hold

4

harmless the Employer and Carrier/TPA, and Defendant, Swift Transportation Company, herein in the event further claim for attorney's fees is made.

IT IS THEREFORE ORDERED AND ADJUDGED:

(1) That the proposed settlement of all aspects of this litigation for a confidential settlement to Phillip L. McCarty, in addition to the waiver of the workers' compensation lien in the amount of $74,832.87, be approved, and that Intervenors, Sedgwick Claims Management Services, Inc. and Arch Insurance Company, shall fully and finally settle the statutory subrogation lien.

(2) That Phillip L. McCarty is authorized to execute a full, complete and final release and settlement agreement of all claims of every kind and character against the Defendant, Swift Transportation Company.

(3) That Phillip L. McCarty is further authorized to execute a full, complete and final release and settlement agreement of all claims of every kind and character against Employer, Dollar Tree Stores, Inc. and Carrier/TPA, Arch Insurance Company and Sedgwick Claims Management Services, Inc., pursuant to Section 9(i) of the Mississippi Workers' Compensation Law or any other law regarding all claims which have arisen or which may arise in the future in any matter connected with or arising out of the injuries Phillip L. McCarty received on March 16, 2015.

(4) That all parties are authorized and directed to execute all appropriate releases and settlement agreements.

(5) That this action be, and hereby is, fully and finally dismissed with prejudice and with the parties bearing their own costs.

**SO ORDERED AND ADJUDGED** this the 5th day of February, 2018.

*s/ Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE


APPROVED BY:


_____
PHILLIP L. MCCARTY, Plaintiff


s/Corban Gunn
_____
CORBAN GUNN, MB #101752
CORBAN GUNN, PLLC
Attorney for Plaintiff


s/G. Martin Street, Jr.
_____
DAVID C. DUNBAR, MB #6226
G. MARTIN STREET, JR., MB #7971
DUNBARMONROE, PLLC
Attorneys for Defendant


s/Douglas Bagwell
_____
DOUGLAS BAGWELL, MB #1682
CARR ALLISON
Attorney for Intervenors